## Finley Estate

*Elder W. Marshall, John B. Gordon,* and *Reed, Smith, Shaw & McClay,* for appellant.

*Harold R. Schmidt, Charles A. Fagan* and *Rose, Eichenauer, Stewart & Rose,* contra.

TRIMBLE, P. J., July 6, 1948.—The petition here is an appeal from the decree of the register of wills probating a writing purporting to be the last will and testament of Mary V. C. Finley, deceased, in which there is a prayer to set aside the probate and grant of letters and to award an issue of fact. The claim for relief from the probate of the will arises from an alleged "new" will, later in date than the probated one, which revoked and annulled any and all wills theretofore made, with the result that the probated will dated April 1, 1947, was revoked. The petition to set aside the probate does not have attached thereto a copy of the alleged "new" will upon which petitioners rely and this omission invited preliminary objections requesting an amendment to the petition and in default thereof an order of court sustaining the objections for the reason that the facts alleged therein are not self-sustaining and could not give us the authority to enter a decree.

We are all of the opinion that to obtain justice in this case it will be necessary to plead a copy of the "new" will which petitioners believe revoked the one that has been probated. This procedure would bring about a compliance with our rule 4 which requires, inter alia, a copy of any will and codicil, certified by the register of wills or counsel, upon which petitioners rely, and it will also relieve the case from its present

objection that the facts alleged are insufficient to make the legal conclusions prayed for. Mixed questions of law and fact are not favored in pleading.